■ DOROTHY URBANSKI et al., Respondents, v MILLICENT MULIERI, Appellant. [732 NYS2d 89] —In an action to recover

damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated May 7, 2001, which granted the plaintiffs' motion for leave to reargue and, upon reargument, vacated a prior order of the same court, dated February 15, 2001, granting her motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied that motion.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiffs leave to reargue (*see,* CPLR 2221 [d] [2]). Furthermore, the Supreme Court, upon reargument, properly vacated its prior order and denied the defendant's motion for summary judgment dismissing the complaint, as she failed to establish a prima facie case that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Chaplin v Taylor,* 273 AD2d 188; *Langford v Jewett Transp. Serv.,* 271 AD2d 412). Medical reports from the injured plaintiff's examining physician, which were submitted by the defendant, showed that she suffered limitations of motion in her left knee. The defendant failed to demonstrate that those limitations were not causally related to the subject accident. Accordingly, as the defendant failed to make out a prima facie case of her entitlement to judgment as a matter of law, we need not consider whether the plaintiffs' papers in opposition to the motion were sufficient to raise a triable issue of fact (*see, Trantel v Rothenberg,* 286 AD2d 325; *Papadonikolakis v First Fid. Leasing Group,* 283 AD2d 470; *Murphy v Demas,* 277 AD2d 208; *Chaplin v Taylor, supra*). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.