Mary Kennedy et al., Respondents, v Winston A. Brown, Appellant. [805 NYS2d 408]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 14, 2004, which denied his motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The reports of the defendant's examining physician largely failed to set forth the objective tests which were performed to

support his conclusion that neither of plaintiffs suffered from any limitation of range of motion (*see Zavala v DeSantis*, 1 AD3d 354 [2003]; *Black v Robinson*, 305 AD2d 438 [2003]; *Urbanski v Mulieri*, 287 AD2d 710 [2001]). In addition, although the doctor "ascribe[s] the degree of range of motion in certain areas to some objective testing, he does not compare [either of the plaintiffs'] range of motion with a normal range of motion" (*Bent v Jackson*, 15 AD3d 46, 49 [2005]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). Accordingly, under these circumstances, the defendant failed to make a prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys., supra; Bent v Jackson, supra; Urbanski v Mulieri, supra*). Consequently, the burden never shifted to the plaintiffs to raise a triable issue of fact, and we need not consider the sufficiency of the plaintiffs' opposition to the motion (*see Trantel v Rothenberg*, 286 AD2d 325 [2001]; *Papadonikolakis v First Fid. Leasing Group*, 283 AD2d 470 [2001]).

Thus, the motion for summary judgment was properly denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Cozier, J.P., Santucci, Luciano, Fisher and Covello, JJ., concur.