■ GARNET WALTERS et al., Respondents, v JULIA PAPANASTASSIOU et al., Appellants. [819 NYS2d 48]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated June 28, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Garnet Walters did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, without costs or disbursements.

The defendants failed to establish that the plaintiff Garnet Walters (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). While the defendants' examining orthopedist stated in his affirmed medical report that the injured plaintiff had "appropriate" range of motion of the cervical spine, and the defendants' examining neurologist stated in his affirmed medical report that the injured plaintiff had "excellent" range of motion of the neck and lower back, they both did so without setting forth the

objective testing performed to arrive at their respective conclusions (*see Nembhard v Delatorre*, 16 AD3d 390 [2005]). Moreover, while the defendants' examining orthopedist set forth a single range of motion finding as to forward flexion in the injured plaintiff's lumbar spine, he failed to compare that finding with what is normal (*see Browdame v Candura*, 25 AD3d 747 [2006]; *Paulino v Dedios*, 24 AD3d 741 [2005]; *Kennedy v Brown*, 23 AD3d 625 [2005]; *Aronov v Leybovich*, 3 AD3d 511 [2004]). Since the defendants failed to establish their entitlement to judgment as a matter of law, it is not necessary to consider whether the plaintiffs' papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.