■ MIGUEL HERNANDEZ, Appellant, v RYAN STANLEY et al., Respondents. [824 NYS2d 149]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated October 7, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

Contrary to the finding of the Supreme Court, the defendants failed to establish their prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The defendants relied on the affirmed medical report of their examining orthopedic surgeon. During that expert's examination of the plaintiff, which took place a little more than two months after the subject accident, the expert noted that the plaintiff had "full" flexion, extension and lateral flexion in his cervical spine range of motion. However, he further concluded that the plaintiff had "60 degrees of rotation bilaterally" upon examination. While the expert set forth this finding, he failed to compare that finding to what is considered the normal range of motion (*see Sullivan v Dawes,* 28 AD3d 472

[2006]; *Browdame v Candura*, 25 AD3d 747 [2006]; *Paulino v Dedios*, 24 AD3d 741 [2005]; *Kennedy v Brown*, 23 AD3d 625 [2005]; *Baudillo v Pam Car & Truck Rental, Inc.*, 23 AD3d 420 [2005]; *Manceri v Bowe*, 19 AD3d 462 [2005]; *Aronov v Leybovich*, 3 AD3d 511 [2004]). Since there was no comparative quantification it cannot be concluded that the plaintiff's rotation, bilaterally, was normal or that any limitation was insignificant within the meaning of the no-fault statute (*see Licari v Elliott*, 57 NY2d 230, 236 [1982]; *Gaddy v Eyler*, 79 NY2d 955, 957 [1992]). Since the defendants failed to establish their prima facie burden, we need not consider whether the plaintiff's papers submitted in opposition raised a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.