■ JOSEPHINE BORELLI, Appellant, v ANTHONY OGNO, Respondent. [826 NYS2d 585]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated January 3, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). While the report of the defendant's examining orthopedist specified the degrees of the range of motion he found in the plaintiff's lumbar spine upon his examination of her, he failed to compare those findings to the normal range of motion, thereby leaving the court to speculate as to the meaning of those figures (*see Hernandez v Stanley*, 34 AD3d 428 [2006]; *Mondi v Keahon*, 32 AD3d 506

[2006]; *Benitez v Mileski,* 31 AD3d 473 [2006]; *Abraham v Bello,* 29 AD3d 497 [2006]; *Yashayev v Rodriguez,* 28 AD3d 651 [2006]; *Sullivan v Dawes,* 28 AD3d 472 [2006]; *Browdame v Candura,* 25 AD3d 747 [2006]; *Paulino v Dedios,* 24 AD3d 741 [2005]; *Kennedy v Brown,* 23 AD3d 625 [2005]; *Baudillo v Pam Car & Truck Rental, Inc.,* 23 AD3d 420 [2005]; *Manceri v Bowe,* 19 AD3d 462 [2005]; *Aronov v Leybovich,* 3 AD3d 511 [2004]). Since the defendant failed to meet his initial burden of establishing a prima facie case, it is unnecessary to consider whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.