■ TOMMIE COPPAGE, Respondent, v SVETLANA HACKING CORP. et al., Appellants. [818 NYS2d 532]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rivera, J.), dated March 11, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendants' motion for summary judgment since they failed to establish prima facie that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In support of the motion the defendants submitted, inter alia, the affirmed medical reports of their examining orthopedist and neurologist. The affirmed medical report of the defendants' examining orthopedist indicated that a magnetic resonance imaging of the plaintiff's left knee taken approximately two months after the subject accident revealed, inter alia, a tear in the posterior horn of the medial meniscus. Notably, the report of the defendants' orthopedist specified a single range of motion finding in the plaintiff's left knee without comparing that finding to the normal range of motion (*see Browdame v Candura,* 25 AD3d 747 [2006]; *Paulino v Dedios,* 24 AD3d 741 [2005]; *Aronov v Leybovich,* 3 AD3d 511 [2004]). Moreover, in his affirmed medical report, the defendants' examining neurologist stated that he found limited range of motion in the plaintiff's lumbar spine (*see Kaminsky v Waldner,* 19 AD3d 370 [2005]; *Omar v Bello,* 13 AD3d 430 [2004]; *Scotti v Boutureira,* 8 AD3d 652 [2004]). Since the defendants failed to meet their initial burden of establishing a prima facie case, it is unnecessary to consider whether the plaintiff's papers in opposition to the defendants motion were sufficient to raise a triable issue of fact (*see Coscia*

*v 938 Trading Corp.*, 283 AD2d 538 [2001]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.