(January 20, 2004)

■ ROMAN ARONOV, Appellant, v MIKHAIL LEYBOVICH et al., Respondents. [770 NYS2d 741]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated October 13, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants failed to establish their prima facie entitlement to summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affirmed medical reports of the defendants' examining physicians indicated that a magnetic resonance imaging of the plaintiff's cervical spine taken one month after the accident revealed, inter alia, disc herniations and a disc bulge. Notably, the report of the defendants' orthopedist specified the degrees of the range of motion in the plaintiff's cervical spine without comparing these findings to the normal range of motion. Thus, the defendants' proof failed to objectively demonstrate that the plaintiff did not suffer a permanent consequential or significant limitation of use of his cervical spine as a result of the subject accident (*see Jones v Jacob,* 1 AD3d 485 [2003]; *D'Angelo v Guerra,* 307 AD2d 306 [2003]; *Ervin v Helfant,* 303 AD2d 716 [2003]; *Franca v Parisi,* 298 AD2d 554 [2002]).

Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, the sufficiency of the papers in opposition need not be considered (*see Junco v Ranzi,* 288 AD2d 440 [2001]). Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.