■ NORMAN KAMINSKY, Respondent, v JOSEPH C. WALDNER, Defendant, and MTA LONG ISLAND BUS, Appellant. [796 NYS2d 175]—

In an action to recover damages for personal injuries, the defendant MTA Long Island Bus appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated February 28, 2004, which granted that branch of the plaintiff's motion which was for leave to reargue its prior motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and the plaintiff's prior cross motion for summary judgment on the issue of liability, which were determined in an order dated September 9, 2003, and, upon reargument, vacated the order dated September 9, 2003, denied its motion, and granted the plaintiff's cross motion.

Ordered that the order dated February 28, 2004, is modified, on the law, by (1) deleting the provision thereof, upon reargument, granting the plaintiff's cross motion, and substituting therefor a provision, upon reargument, adhering to so much of the determination in the order dated September 9, 2003, as denied the cross motion, and (2) deleting the provision thereof,

upon reargument, vacating so much of the order dated September 9, 2003, as granted the plaintiff's cross motion; as so modified, the order dated February 28, 2004, is affirmed, without costs or disbursements.

The defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *McDowall v Abreu*, 11 AD3d 590, 591 [2004]; *Taccetta v Scotto*, 287 AD2d 707, 709 [2001]). The opinions of the defendant's examining physicians that the plaintiff did not sustain a serious injury were belied by their own findings of restrictions of range of motion which were not sufficiently quantified or qualified to establish the absence of a significant limitation of motion (*see* Insurance Law § 5102 [d]; *McDowall v Abreu, supra; McCluskey v Aguilar*, 10 AD3d 388 [2004]; *Christman v Cueva*, 6 AD3d 375 [2004]; *Meyer v Gallardo*, 260 AD2d 556, 557 [1999]). Accordingly, the court need not address the plaintiff's opposition to the original motion (*see Berkowitz v Decker Transp. Co.*, 5 AD3d 712 [2004]; *Coscia 938 Trading Corp.*, 283 AD2d 538 [2001]).

However, under the circumstances of this case, the Supreme Court, upon reargument, should not have granted the plaintiff's cross motion for summary judgment as there are triable issues of fact with respect to the issue of liability (*see Schuster v Amboy Bus Co.*, 267 AD2d 448 [1999]; *cf. Vidal v Tsitsiashvili*, 297 AD2d 638 [2002]). H. Miller, J.P., Cozier, Crane and Skelos, JJ., concur.