■ JOSE PAULINO, Appellant, v JUAN DEDIOS et al., Respondents. [807 NYS2d 397]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated October 6, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmed medical reports of the defendants' examining physicians specified the degrees of range of motion in the plaintiff's cervical and lumbar spine without comparing these findings to the normal range of motion (*see Baudillo v Pam Car & Truck Rental, Inc.,* 23 AD3d 420 [2005]; *Meiheng Qu v Doshna,* 12 AD3d 578 [2004]; *Aronov v Leybovich,* 3 AD3d 511 [2004]). Since the defendants failed to meet their initial burden of establishing a prima facie case, the sufficiency of the plaintiff's opposition papers need not be considered (*see Walker v Village of Ossining,* 18 AD3d 867 [2005]; *Junco v*

*Ranzi,* 288 AD2d 440 [2001]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.