■ JANE BROWDAME, Appellant, v LEWIS J. CANDURA et al., Respondents. [807 NYS2d 658]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated August 19, 2004, which granted the defendants' separate motions for summary judgment dismissing the complaint against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the complaint is reinstated.

The defendants failed to establish prima facie that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Accordingly, their motions should have been denied (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]) without consideration of the plaintiff's opposition (*see Sequeira v W&E Auto Repair, Inc.*, 17 AD3d 442, 443 [2005]; *Aronov v Leybovich*, 3 AD3d 511, 512 [2004]; *Junco v Ranzi*, 288 AD2d 440 [2001]).

The report submitted by the defendant Lewis J. Candura's expert orthopedist, adopted by the defendant Danny Perez, failed to specify the degree of range of motion in the plaintiff's cervical spine in support of his conclusion that the plaintiff did not sustain a serious injury. With respect to his examination of the plaintiff's lumbosacral spine, in those instances where he assigned a numerical value to the range of motion, the orthopedist failed to compare his findings against the range of normal. The report submitted by the defendant Lewis J. Candura's expert neurologist, adopted by the defendant Danny Perez, was also lacking. Accordingly, the "defendants' proof failed to objectively demonstrate that the plaintiff did not suffer a permanent consequential or significant limitation of use of his [lumbosacral] cervical spine[s] as a result of the subject accident" (*Aronov v Leybovich, supra* at 512; *see Baudillo v Pam Car & Truck Rental, Inc.*, 23 AD3d 420 [2005]; *Minlionica v Shahabi*, 296 AD2d 569, 570 [2002]). Moreover, after having acknowledged, at least in part, the findings contained in the reports of the plaintiff's magnetic resonance imaging scans documenting disc herniation, the defendants' expert physicians failed to examine the scans and did not allege that the disc herniations were not causally related to the accident (*see Zavala v DeSantis*, 1 AD3d 354, 355 [2003]; *Black v Robinson*, 305 AD2d 438, 439 [2003]). Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.