■  DIANA C. FAKHOURY, Appellant, v KAREN KINLOCK, Respondent. [812 NYS2d 591]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 20, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendant failed to make a prima facie showing that the plaintiff did not sustain either a permanent consequential limitation or a significant limitation of her lumbar spine within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). One of the defendant's own examining physicians who saw the plaintiff found that the plaintiff's herniation at L4-5 was caused by the accident and was a permanent injury. Moreover, while that physician specified the ranges of motion in the plaintiff's lumbar spine, he failed to compare those findings to the normal range of motion (see *Aronov v Leybovich,* 3 AD3d 511 [2004]). Consequently, since the defendant failed to establish, prima facie, her entitlement to judgment as a matter of law, the sufficiency of the papers submitted in opposition to the motion need not be considered (see *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Schmidt, J.P., Mastro, Spolzino and Lunn, JJ., concur.