■ DMITRY YASHAYEV et al., Appellants, v ACEVEDO RODRIGUEZ et al., Respondents. [812 NYS2d 367]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings

County (Bayne, J.), dated March 15, 2005, which granted the motion of the defendants Acevedo Rodriguez and Carmen Diaz, and the separate motion of the defendant Ilgar Ashurov, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed on the law, with one bill of costs, the motions are denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The orthopedist who examined the plaintiff Dmitry Yashayev on November 18, 2004 noted in his report that Dmitry had "decreased" flexion of the lumbar spine to 70 degrees, but did not compare that finding to what is normal (*see Browdame v Candura*, 25 AD3d 747 [2006]; *Baudillo v Pam Car & Truck Rental, Inc.*, 23 AD3d 420 [2005]; *Manceri v Bowe*, 19 AD3d 462, 463 [2005]; *Aronov v Leybovich*, 3 AD3d 511 [2004]). Absent such comparative quantification, the court cannot conclude that the decreased lumbar flexion is "mild, minor or slight" so as to be considered insignificant within the meaning of the no-fault statute (*Licari v Elliott*, 57 NY2d 230, 236 [1982]; *Gaddy v Eyler, supra* at 957).

As to the plaintiff Vitaliy Iskiyayev, the defendants relied upon, inter alia, the affirmed medical report of an orthopedist who examined Vitaliy on November 3, 2003. The doctor's findings, which were quantified as to cervical and lumbar ranges of motion, were not compared to what is normal, and hence, were insufficient to establish prima facie entitlement to summary judgment (*see Browdame v Candura, supra; Baudillo v Pam Car & Truck Rental, Inc., supra* at 420; *Manceri v Bowe, supra* at 463; *Aronov v Leybovich, supra* at 511).

Since the respective defendants failed to establish their prima facie entitlement to summary judgment as to each plaintiff, it is unnecessary to consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*see Facci v Kaminsky*, 18 AD3d 806 [2005]; *Rich-Wing v Baboolal*, 18 AD3d 726 [2005]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.