◼ ROBERTO C. BENITEZ et al., Respondents, v RONALD P. MILESKI et al., Appellants. [818 NYS2d 555]—

In an action to recover damages for personal injuries, the defendants separately appeal, as limited by their respective briefs, from so much of (1) an order of the Supreme Court, Suffolk County (Berler, J.), dated June 22, 2005, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court dated September 20, 2005, as, upon granting those branches of their respective motions which were for reargument, adhered to the original determination in the order dated June 22, 2005.

Ordered that the appeals from the order dated June 22, 2005

are dismissed on the ground that the order was superseded by the order dated September 20, 2005 made upon reargument; and it is further,

Ordered that the order dated September 20, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The original determination in the order dated June 22, 2005 was proper, but we affirm on grounds different from those relied upon by the Supreme Court. The defendants failed to establish that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' examining orthopedic surgeon, who examined each of the plaintiffs on October 26, 2004, set forth in his affirmed medical reports his findings with respect to their ranges of motion in their cervical and lumbar spines, but failed to compare those findings to what is normal (*see Browdame v Candura*, 25 AD3d 747 [2006]; *Paulino v Dedios*, 24 AD3d 741 [2005]; *Aronov v Leybovich*, 3 AD3d 511 [2004]). Moreover, the defendants' examining neurologist, who examined the plaintiffs on November 10, 2004, merely stated in her reports that upon examination "movements of the neck are normal in all directions" without setting forth the objective testing used to arrive at those conclusions (*see Murray v Hartford*, 23 AD3d 629 [2005], *lv denied* 6 NY3d 713 [2006]; *Nembhard v Delatorre*, 16 AD3d 390 [2005]; *Nozine v Sav-On Car Rentals*, 15 AD3d 555 [2005]; *Bailey v Ichtchenko*, 11 AD3d 419 [2004]). Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, the sufficiency of the papers in opposition need not be considered (*see Aronov v Leybovich, supra; Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Miller, J.P., Luciano, Spolzino and Dillon, JJ., concur.