■ GEORGE MONDI, Respondent, v WILLIAM R. KEAHON, JR., Appellants. [820 NYS2d 625]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated November 4, 2005, as granted that branch of the plaintiff's motion which was for leave to reargue their prior motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been granted in an order dated May 18, 2005, and, upon reargument, denied their motion for summary judgment and reinstated the complaint.

Ordered that the order dated November 4, 2005 is affirmed insofar as appealed from, with costs.

While we affirm the order dated November 4, 2005, insofar as appealed from, we do so on grounds other than those relied upon by the Supreme Court. Contrary to the Supreme Court's determination, the defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The defendants relied on the affirmed medical reports of their own examining neurologist and orthopedist. While these experts set forth their respective findings in their reports with respect to the plaintiff's range of motion in his cervical and

lumbar spine, they failed to compare those range of motion findings to what is normal (*see Browdame v Candura,* 25 AD3d 747 [2006]; *Kennedy v Brown,* 23 AD3d 625 [2005]; *Aronov v Leybovich,* 3 AD3d 511 [2004]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it was unnecessary to consider whether the plaintiff's papers submitted in opposition were sufficient to establish a triable issue of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.