■ Joseph Whittaker, Respondent, v Webster Trucking Corp. et al., Appellants. [823 NYS2d 95]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated January 21, 2005, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint on the ground that they failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The affirmed medical reports of the defendants' examining orthopedic surgeon and neurologist merely noted that the plaintiff had a full range of motion in his cervical spine without setting forth the objective test or tests performed supporting their conclusions (see Nembhard v Delatorre, 16 AD3d 390 [2005]; Black v Robinson, 305 AD2d 438 [2003]). Moreover, the defendants' examining orthopedic surgeon, in his affirmed medical report, also stated that there was a limitation in the range of motion of the plaintiff's lumbar spine but did not sufficiently quantify the limitation to establish the absence of a significant limitation of motion (see Kaminsky v Waldner, 19 AD3d 370 [2005]). Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (see Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.