■ ANTONIO CARACCI, Respondent, v ELIZABETH MILLER et al., Appellants. [823 NYS2d 681]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated March 3, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendants established their prima facie entitlement to judgment as a matter of law through evidence demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmed medical reports of the plaintiff's treating physician failed to compare his findings as to the range of motion of the plaintiff's right knee to what is considered normal range of motion (see Sullivan v Dawes, 28 AD3d 472 [2006]; Browdame v Candura, 25 AD3d 747 [2006]; Paulino v Dedios, 24 AD3d 741 [2005]; Kennedy v Brown, 23 AD3d 625 [2005]; Baudillo v Pam Car & Truck Rental, Inc., 23 AD3d 420 [2005]; Manceri v Bowe, 19 AD3d 462 [2005]; Aronov v Leybovich, 3 AD3d 511 [2004]). Moreover, the plaintiff failed to offer an adequate explanation for the over 16-month gap in her treatment (see Pommells v Perez, 4 NY3d 566 [2005]; Grant v Fofana, 10 AD3d 446 [2004]; Marshall v Albano, 182 AD2d 614 [1992]). Schmidt, J.P., Ritter, Mastro, Fisher and Dillon, JJ., concur.