■ SHANTE CRUZ et al., Appellants, v DAVID C. WILLIAMS et al., Respondents. [825 NYS2d 510]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 27, 2005, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

In support of their motion for summary judgment dismissing the complaint, the defendants failed to satisfy their prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical reports of the defendants' examining neurologist concerning both plaintiffs established that there were limitations in range of motion of the lumbar spine of the plaintiff Shante Cruz and limitations in the range of motion of the cervical spine of the plaintiff Sandra Ramos, which were not adequately quantified or qualified so as to establish that these limitations were insignificant (*see Kaminsky v Waldner*, 19 AD3d 370 [2005]). Since the defendants failed to satisfy their prima facie burden, it is unnecessary for this Court to consider whether the papers submitted in opposition to the motion raised a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.