■ LYNN KAVANAGH, Respondent, v KULDIP SINGH et al., Appellants. [826 NYS2d 97]—

In an action to recover damages for personal injuries, the defendants Kuldip Singh and Hassen M. Ratba appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated October 21, 2005, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the grounds that they were not liable for the subject accident and that the plaintiff did not sustain a serious injury within the meaning of

Insurance Law § 5102 (d), and the defendants Peter A. Marcano, Jr., and VW Credit Leasing, Ltd., separately appeal, as limited by their brief, from so much of the same order as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, on the law, with one bill of costs.

The defendants failed on their respective motions to establish that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the issue of serious injury, the defendants Kuldip Singh and Hassen M. Ratba relied on, inter alia, an affirmed report of a neurologist who examined the plaintiff on February 18, 2005. This report noted limitations in the plaintiff's active range of motion in her lumbar spine (*see Smith v Delcore*, 29 AD3d 890 [2006]; *Sano v Gorelik*, 24 AD3d 747 [2005]; *Spuhler v Khan*, 14 AD3d 693 [2005]; *Omar v Bello*, 13 AD3d 430 [2004]; *Scotti v Boutureira*, 8 AD3d 652 [2004]).

The defendants Peter A. Marcano, Jr., and VW Credit Leasing, Ltd., relied on the same evidentiary submissions in support of their respective motions. While the affirmed medical report of Peter A. Marcano, Jr.'s examining neurologist set forth a single range of motion finding with respect to the plaintiff's lumbar spine, he failed to compare that finding to the normal range of motion (*see Sullivan v Dawes*, 28 AD3d 472 [2006]; *Browdame v Candura*, 25 AD3d 747 [2006]; *Paulino v Dedios*, 24 AD3d 741 [2005]; *Kennedy v Brown*, 23 AD3d 625 [2005]; *Baudillo v Pam Car & Truck Rental, Inc.*, 23 AD3d 420 [2005]; *Manceri v Bowe*, 19 AD3d 462 [2005]; *Aronov v Leybovich*, 3 AD3d 511 [2004]). Moreover, while this neurologist also found in his report that the plaintiff had "full" range of motion of the neck upon examination, he failed to set forth the objective testing performed to arrive at that conclusion (*see Ilardo v New York City Tr. Auth.*, 28 AD3d 610 [2006]; *Kelly v Rehfeld*, 26 AD3d 469 [2006]; *Nembhard v Delatorre*, 16 AD3d 390 [2005]; *Black v Robinson*, 305 AD2d 438 [2003]). In his affirmed medical report, Peter A. Marcano, Jr.'s examining orthopedic surgeon also failed to compare the findings he made upon examination of the plaintiff's cervical and lumbar range of motion to the

normal range of motion (*see Sullivan v Dawes, supra; Browdame v Candura, supra; Paulino v Dedios, supra; Kennedy v Brown, supra*).

Since the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury, it is not necessary to consider whether the plaintiff's papers in opposition to the defendants' motions were sufficient to raise a triable issue of fact as to serious injury (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

The remaining contention of the defendants Kuldip Singh and Hassen M. Ratba is without merit. Schmidt, J.P., Ritter, Mastro, Fisher and Dillon, JJ., concur.