■ RIMA MIROCHNIK, Respondent, v ISAK G. OSTROVSKIY, Appellant. [825 NYS2d 721]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated January 13, 2006, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order of the Supreme Court, we do so on grounds other than those relied upon by the Supreme Court. The defendant failed to establish a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical report of the defendant's examining orthopedist was fatal to the defendant meeting his prima facie burden. Noted in the medical report was the fact that the plaintiff's magnetic resonance imaging reports revealed disc herniations and bulges in the cervical and lumbar regions of her spine. When he set forth in his report his findings as to the plaintiff's range of motion testing, he noted that the plaintiff was able to, in the lumbar region of her spine, flex to 90 degrees, extend to 20 degrees, right and left laterally bend to 30 degrees, and right and left rotate to 40 degrees. While he set forth these findings, he failed to compare these findings to the normal range of motion (*see Mondi v Keahon*, 32 AD3d 506 [2006]; *Benitez v Mileski*, 31 AD3d 473 [2006]; *Abraham v Bello*, 29 AD3d 497 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]; *Sullivan v Dawes*, 28 AD3d 472 [2006]; *Browdame v Candura*, 25 AD3d 747 [2006]; *Paulino v Dedios*, 24 AD3d 741 [2005]; *Kennedy v Brown*, 23 AD3d 625 [2005]; *Baudillo v Pam Car & Truck Rental, Inc.*, 23 AD3d 420 [2005]; *Manceri v Bowe*, 19 AD3d 462 [2005]; *Aronov v Leybovich*, 3 AD3d 511 [2004]). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, it was unnecessary to consider whether the plaintiff's papers submitted in opposition were sufficient to raise a triable issue of fact (*see Mondi v Keahon*, 32 AD3d 506 [2006]; *Coscia v 938 Trad-*

*ing Corp.*, 283 AD2d 538 [2001]). Adams, J.P., Santucci, Mastro and Lifson, JJ., concur.