■ SUNSHINE ILES, Appellant, v ROSALIN JONAT et al., Respondents. [825 NYS2d 540]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated July 1, 2005, which granted the motion of the defendants Rosalin Jonat and John Jonat, and the separate motion of the defendant Florence D. Musiello, for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied her cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' respective motions

for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying the defendants' motions; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical report of the defendants' examining neurologist noted limitations in various aspects of the plaintiff's cervical and lumbar spine range of motion that were not adequately quantified or qualified so as to establish the absence of a significant limitation of motion (*see Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]; *see also Yashayev v Rodriguez*, 28 AD3d 651 [2006]). Moreover, while the affirmed medical report of the defendants' examining orthopedic surgeon set forth range of motion findings with respect to the plaintiff's cervical and lumbar spine, he failed to compare those findings to the normal range of motion (*see Mondi v Keahon*, 32 AD3d 506 [2006]; *Benitez v Mileski*, 31 AD3d 473 [2006]; *Abraham v Bello*, 29 AD3d 497 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]; *Sullivan v Dawes*, 28 AD3d 472 [2006]; *Browdame v Candura*, 25 AD3d 747 [2006]; *Paulino v Dedios*, 24 AD3d 741 [2005]). Under these circumstances, it is not necessary to consider whether the plaintiff's papers in opposition to the defendants' respective motions were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

The plaintiff's remaining contention is without merit. Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.