GAYLE HARMAN et al., Respondents, v ARTHUR BUSCH, Respondent, and ROBERT M. SCHANK, Appellant. [829 NYS2d 680]—

In an action to recover damages for personal injuries, etc., the defendant Robert M. Schank appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated November 18, 2005, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him and the cross claim asserted against him by the defendant Arthur Busch on the ground that the plaintiff Gayle Harman did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

While we affirm the order insofar as appealed from we do so on grounds other than those relied upon by the Supreme Court. The defendant Robert M. Schank failed to establish prima facie that the plaintiff Gayle Harman (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In his affirmed medical report, the orthopedic surgeon who examined the injured plaintiff on September 3, 2004, set forth range of motion findings concerning the injured plaintiff's cervical and lumbar spine, as well as her wrists. He failed, however, to compare those findings to what are considered normal ranges of motion for those regions

of her body (*see Iles v Jonat,* 35 AD3d 537 [2006]; *Mirochnik v Ostrovskiy,* 35 AD3d 413 [2006]; *Kavanagh v Singh,* 34 AD3d 744 [2006]; *Caracci v Miller,* 34 AD3d 515 [2006]; *Agathe v Tun Chen Wang,* 33 AD3d 737 [2006]; *Mondi v Keahon,* 32 AD3d 506 [2006]; *Benitez v Mileski,* 31 AD3d 473 [2006]; *Abraham v Bello,* 29 AD3d 497 [2006]; *Yashayev v Rodriguez,* 28 AD3d 651 [2006]; *Sullivan v Dawes,* 28 AD3d 472 [2006]).

This orthopedic surgeon noted in his report that the prior magnetic resonance imaging reports of the injured plaintiff showed degenerative processes in her lumbar spine and cervical spine, and he stated that the herniations noted therein were caused by those pre-existing conditions. Despite so finding, he still concluded that the injured plaintiff sustained traumatic aggravation of those prior conditions and noted unquantified or unqualified limitations in the range of motion of the injured plaintiff's cervical spine based on his examination of her. While he did opine that a contributing factor in those range of motion limitations was likely due to thyroid surgery and radiation unrelated to the subject accident, these unrelated events were listed only as a contributing factor and not the sole cause of the limitations noted. Thus, the orthopedic surgeon's report suggests that the traumatic aggravation to those pre-existing conditions caused by the subject accident was also a contributory factor in the limitations in cervical spine range of motion observed by him and noted in his report. Absent a comparative quantification of those limitations to what is normal, it cannot be concluded that the decreased range of motion in the injured plaintiff's cervical spine, as conceded by this orthopedic surgeon, is mild, minor, or slight so as to be considered insignificant within the meaning of the no-fault statute (*see Iles v Jonat, supra; McCrary v Street,* 34 AD3d 768 [2006]; *Whittaker v Webster Trucking Corp.,* 33 AD3d 613 [2006]; *Yashayev v Rodriguez, supra; Kaminsky v Waldner,* 19 AD3d 370 [2005]; *see also Gaddy v Eyler, supra* at 957; *Licari v Elliott,* 57 NY2d 230, 236 [1982]).

Since Schank failed to satisfy his prima facie burden, it is unnecessary to consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Iles v Jonat, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.