■ AHMAD FUDOL, Respondent, v OCTAVIUS B. SULLIVAN et al., Appellants. [831 NYS2d 504]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 23, 2006, as denied their motion for summary judg-

ment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint since the defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' examining neurologist, in his affirmed medical report, noted that there were limitations in the range of motion of the plaintiff's lumbar spine upon his examination, but he did not sufficiently quantify or qualify the limitation to establish the absence of a significant limitation of motion (*see McCrary v Street*, 34 AD3d 768 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]). Moreover, where this neurologist did provide a numerical quantification regarding his testing of the lumbar spine range of motion, he failed to compare those findings to the normal range of motion (*see Iles v Jonat*, 35 AD3d 537 [2006]; *Mirochnik v Ostrovskiy*, 35 AD3d 413 [2006]; *Kavanagh v Singh*, 34 AD3d 744 [2006]; *Caracci v Miller*, 34 AD3d 515 [2006]; *Agathe v Tun Chen Wang*, 33 AD3d 737 [2006]; *Mondi v Keahon*, 32 AD3d 506 [2006]; *Benitez v Mileski*, 31 AD3d 473 [2006]; *Abraham v Bello*, 29 AD3d 497 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]; *Sullivan v Dawes*, 28 AD3d 472 [2006]). Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (*see McCrary v Street, supra; Iles v Jonat, supra; Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.