■ MARK BLUTH, Appellant, et al., Plaintiffs, v WORLDOMNI FINANCIAL CORP. et al., Respondents. (And Third-Party Actions.) [832 NYS2d 640]—

In a consolidated action to recover damages for personal injuries, the plaintiff Mark Bluth appeals from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated January 3, 2006, as granted those branches of the separate motions of the defendant WorldOmni Financial Corp. and the defendant Edouard Melnikov which were for summary judgment dismissing the complaint insofar as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendant WorldOmni Financial Corp. and the defendant Edouard Melnikov which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Mark Bluth are denied.

The defendants WorldOmni Financial Corp. and Edouard Melnikov failed to make prima facie showings that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In support of their separate motions, they relied upon, inter alia, the affirmed medical report of Dr. Edward Toriello, an examining orthopedic surgeon. In his report, he set forth the results of the appellant's various

magnetic resonance imaging reports, including those of the appellant's lumbar spine, which revealed that the appellant had, inter alia, bulging discs at L3 through S1. When setting forth his range of motion findings concerning the appellant's lumbar spine, he noted "decreased flexion of 70 degrees," yet did not compare that finding to the normal range of motion (*see Harman v Busch*, 37 AD3d 537 [2007]; *Iles v Jonat*, 35 AD3d 537, 538 [2006]; *Mirochnik v Ostrovskiy*, 35 AD3d 413 [2006]; *Kavanagh v Singh*, 34 AD3d 744, 745-746 [2006]; *Agathe v Tun Chen Wang*, 33 AD3d 737, 738 [2006]; *Mondi v Keahon*, 32 AD3d 506, 506-507 [2006]; *Benitez v Mileski*, 31 AD3d 473, 474 [2006]). Moreover, while he indicated that there was a limitation in the range of motion, absent a comparative quantification of that limitation to what is deemed normal, it cannot be concluded that the decreased range of motion is mild, minor, or slight so as to be considered insignificant within the meaning of the no-fault statute (*see Harman v Busch, supra; Iles v Jonat, supra* at 538; *McCrary v Street*, 34 AD3d 768, 769 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651, 652 [2006]; *Kaminsky v Waldner*, 19 AD3d 370, 371 [2005]; *see also Gaddy v Eyler, supra* at 957; *Licari v Elliott*, 57 NY2d 230, 236 [1982]).

Since the defendants failed to meet their respective burdens, it is unnecessary to consider whether the papers submitted by the appellant in opposition were sufficient to raise a triable issue of fact (*see Harman v Busch, supra; Iles v Jonat, supra* at 538; *McCrary v Street, supra* at 769; *Whittaker v Webster Trucking Corp., supra* at 613). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.