■ KEVIN MCLAUGHLIN, Appellant, v EDWARD M. RIZZO et al., Respondents. [832 NYS2d 666]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered February 14, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of the defendants' motion, the defendants relied upon, inter alia, the affirmed medical report

of their examining orthopedic surgeon, who examined the plaintiff on March 25, 2005. In his affirmed report, the orthopedic surgeon set forth the findings in a prior X-ray report of the plaintiff's cervical spine, as well as the evidence of acromioclavicular osteoarthritis in the plaintiff's right shoulder as set forth in a prior magnetic resonance imaging report. He deemed those findings to be degenerative in nature, pre-existing the subject accident. The orthopedic surgeon also set forth range of motion findings based on his examination of the plaintiff's cervical spine and shoulders. In doing so, he failed to compare any of those numeric findings to what is deemed normal ranges of motion for those regions of the plaintiff's body (*see Harman v Busch*, 37 AD3d 537 [2007]; *Iles v Jonat*, 35 AD3d 537, 538 [2006]; *Mirochnik v Ostrovskiy*, 35 AD3d 413 [2006]; *Kavanagh v Singh*, 34 AD3d 744, 745-746 [2006]). While he admitted that the numeric findings concerning the plaintiff's cervical spine amounted to a "mild" limitation and were consistent with the degenerative changes noted in the plaintiff's cervical X-ray report, he made no such claim with respect to the numeric findings concerning the plaintiff's bilateral shoulder range of motion. In fact, he admitted that the plaintiff appeared to suffer from traumatic aggravation of right shoulder acromioclavicular osteoarthritis as a result of the subject accident, which was alleged by the plaintiff in his amended bill of particulars. When reviewed, the numeric findings regarding bilateral shoulder range of motion, as set forth in the orthopedist's report, evinced apparent limitations when compared to one another. Absent a comparative quantification of those findings observed in his report as to what is normal, it cannot be concluded that the range of motion in the plaintiff's right shoulder was normal, or that any limitations were mild, minor, or slight so as to be considered insignificant within the meaning of the no-fault statute (*see Harman v Busch, supra; Iles v Jonat, supra; McCrary v Street*, 34 AD3d 768 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Yashayev v Rodriguez*, 28 AD3d 651 [2006]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]; *see also Gaddy v Eyler, supra* at 957; *Licari v Elliott*, 57 NY2d 230, 236 [1982]).

Moreover, the defendants also relied on the affirmed medical report of another orthopedic surgeon, who examined the plaintiff on May 16, 2003. In his report, concerning the plaintiff's cervical spine range of motion, he merely noted that the plaintiff was able to move his neck "in all directions without any deficits." However, he failed to set forth the objective testing that he performed in order to arrive at this conclusion (*see Schacker v County of Orange*, 33 AD3d 903, 904 [2006]; *Ilardo v New York City Tr. Auth.*, 28 AD3d 610, 611 [2006]; *Kelly v*

*Rehfeld,* 26 AD3d 469, 470 [2006]; *Nembhard v Delatorre,* 16 AD3d 390, 391 [2005]). This orthopedic surgeon further conceded the existence of limitations in the plaintiff's right shoulder range of motion, especially in forward flexion and abduction. However, he never compared those findings to what is deemed normal ranges of motion for such tests (*see Harman v Busch, supra; Iles v Jonat, supra; Mirochnik v Ostrovskiy, supra; Kavanagh v Singh, supra; Caracci v Miller,* 34 AD3d 515 [2006]; *Agathe v Tun Chen Wang,* 33 AD3d 737, 738 [2006]; *Mondi v Keahon,* 32 AD3d 506, 507 [2006]; *Benitez v Mileski,* 31 AD3d 473, 474 [2006]). He further noted that the medical reports of the plaintiff, which he reviewed, showed a prior degenerative process in the plaintiff's right shoulder. However, he still concluded that the plaintiff sustained an aggravation of that prior condition as a result of the subject accident. With that, he set forth the numeric limitations in the range of motion of the plaintiff's right shoulder based on his examination of the plaintiff. His report evinced that the traumatic aggravation to the pre-existing condition in the plaintiff's right shoulder, as caused by the subject accident, resulted in the limitations in right shoulder range of motion observed by him and noted in his report. Absent a comparative quantification of those numeric limitations observed in his report as to what is normal, it cannot be concluded that the decreased range of motion in the plaintiff's right shoulder, as conceded by this orthopedic surgeon, is mild, minor, or slight so as to be considered insignificant within the meaning of the no-fault statute (*see Harman v Busch, supra; Iles v Jonat, supra; McCrary v Street, supra; Whittaker v Webster Trucking Corp., supra; Yashayev v Rodriguez, supra; Kaminsky v Waldner, supra; see also Gaddy v Eyler, supra; Licari v Elliott, supra*).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether the plaintiff's papers submitted in opposition raised a triable issue of fact (*see Harman v Busch, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.