■ KRISTOFER MCNULTY, Appellant, v ANTHONY BUGLINO et al., Respondents. [836 NYS2d 198]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated March 8, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). The medical report of the plaintiff's treating physician, which the defendants submitted in support of their motion, noted limitations in various aspects of the plaintiff's cervical and lumbar spine range of motion that were not adequately quantified or qualified to establish the absence of a significant limitation of motion (*see Iles v Jonat*, 35 AD3d 537 [2006]; *McCrary v Street*, 34 AD3d 768 [2006]; *Brown v Motor Veh. Acc. Indem. Corp.*, 33 AD3d 832 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]). Moreover, while the affirmed medical report of the defendants' examining orthopedic surgeon set forth range of motion findings with respect to the plaintiff's cervical and lumbar spine, it failed to compare those findings to the normal range of motion (*see Harman v Busch*, 37 AD3d 537 [2007]; *Iles v Jonat, supra* at 538; *Mirochnik v Ostrovskiy*, 35 AD3d 413 [2006]; *Kavanagh v Singh*, 34 AD3d 744, 745-746 [2006]; *Caracci v Miller*, 34 AD3d 515 [2006]; *Agathe v Tun Chen Wang*, 33 AD3d 737, 738 [2006]; *Mondi v Keahon*, 32 AD3d 506, 507 [2006]; *Benitez v Mileski*, 31 AD3d 473, 474 [2006]). Under these circumstances, it is not necessary to consider whether the plaintiff's papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.