■ CRISTINA WADE, Appellant, v ALLIED BUILDING PRODUCTS CORP. et al., Respondents. [837 NYS2d 302]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered November 3, 2006, as granted the motion of the defendants Allied Building Products Corp. and Kenneth Webb, and the separate motion of the defendant Francesco Pugliese, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable to the plaintiff by the defendants appearing separately and filing separate briefs, and the motions for summary judgment dismissing the complaint are denied.

Contrary to the Supreme Court's determination, the defendants, in their separate motions for summary judgment, failed to meet their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' examining neurologist found limitations when he examined the plaintiff (*see Iles v Jonat*, 35 AD3d 537 [2006]). Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.