■ STEPHANIE BELARGE, Appellant, v MARK KARDAS, Respondent, et al., Defendants. [892 NYS2d 528]—

Contrary to the Supreme Court's determination, the defendant Mark Kardas (hereinafter the respondent) failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of his motion, the respondent relied on, inter alia, the affirmed medical report of Dr. Marc Bergeron, the orthopedic surgeon who examined the plaintiff on February 16, 2007. In that report Dr. Bergeron noted a limitation in the plaintiff's lumbar spine range of motion which was not sufficiently quantified or qualified to establish the absence of a significant limitation of motion (see Letts v Bleichner, 56 AD3d 619 [2008]; Kaminsky v Waldner, 19 AD3d 370 [2005]). Since the respondent failed to meet his prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Kaminsky v Waldner, 19 AD3d 370 [2005]; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.