■ SALMA SHEULY, Appellant, v JEREMY EUGENE FRY et al., Respondents, et al., Defendant. [954 NYS2d 635]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated November 21, 2011, which granted the motion of the defendants Jeremy Eugene Fry, the Walt Disney Company, Incantation Productions, Inc., and Cinema Vehicles Services East, LLC, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Jeremy Eugene Fry, the Walt Disney Company, Incantation Productions, Inc., and Cinema Vehicles Services East, LLC, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The movants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The movants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, her right knee, her right leg, and her hips did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Fudol v Sullivan*, 38 AD3d 593, 594 [2007]), and that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Richards v Tyson*, 64 AD3d 760, 761 [2009]).

In opposition, however, the plaintiff submitted evidence raising a triable issue of fact as to whether she sustained a serious

injury to the lumbar region of her spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Accordingly, the Supreme Court erred in granting the movants' motion. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.