The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiffs spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Fudol v Sullivan, 38 AD3d 593, 594 [2007]), and that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Richards v Tyson, 64 AD3d 760, 761 [2009]).
The plaintiff failed to raise a triable issue of fact in opposition. Thus, the Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
In view of the foregoing, we do not address the plaintiff’s remaining contention. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.