■ TOMAS PEREZ, Appellant, v BRIAN C. SCHREIER et al., Respondents. [958 NYS2d 781]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered February 7, 2012, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Fudol v Sullivan*, 38 AD3d 593, 594 [2007]), and that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Karpinos v Cora*, 89 AD3d 994, 995 [2011]).

In opposition, however, the plaintiff submitted evidence raising triable issues of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30376(U).]**