■ Felix Natal et al., Respondents, v Alison L. Frazer, Appellant. [987 NYS2d 210]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 11, 2013, which granted the plaintiffs' motion for leave to reargue the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Betzailyn Lopez on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, which had been granted in an order of the same court dated January 31, 2013, in effect, vacated that order, and thereupon denied the defendant's motion.

Ordered that the order dated June 11, 2013, is affirmed, with costs.

The defendant failed to meet her prima facie burden of showing that the plaintiff Betzailyn Lopez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant did not adequately address Lopez's claims, set forth in the bills of particulars, that she sustained serious injuries to the lumbar region of her spine and to her right hip under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d), and that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Fudol v Sullivan*, 38 AD3d 593, 594 [2007]).

Since the defendant did not sustain her prima facie burden, it is unnecessary to determine whether the papers submitted by Lopez in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Accordingly, the Supreme Court properly granted the plaintiffs' motion for leave to reargue, and upon reargument, properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted by Lopez. Skelos, J.P., Leventhal, Cohen, LaSalle and Barros, JJ., concur.