Broadwood v Bedoya (2019 NY Slip Op 01735)





Broadwood v Bedoya


2019 NY Slip Op 01735


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-09931
 (Index No. 71043/15)

[*1]Michael Broadwood, et al., appellants, 
v
Juan F. Bedoya, et al., respondents.


VanDette Penberthy LLP, Buffalo, NY (Brittany Penberthy of counsel), for appellants.
Bryan M. Kulak (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated July 21, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Michael Broadwood did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the plaintiffs' cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On August 26, 2014, the plaintiff Michael Broadwood and the defendant Juan F. Bedoya were involved in a motor vehicle collision. Bedoya's vehicle was owned by the defendant Melida Miranda. On December 28, 2015, Broadwood, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. In the bill of particulars, Broadwood alleged injuries to the cervical and thoracic regions of his spine. He also alleged that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d).
The defendants moved for summary judgment dismissing the complaint on the ground that Broadwood did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In support, the defendants submitted the affirmed report of an orthopedic surgeon who examined Broadwood on October 17, 2016. The surgeon measured the range of motion of the cervical and thoracic regions of Broadwood's spine and compared the results to what would be considered normal range of motion. She found restrictions of no more than 10 percent. The defendants also submitted a transcript of Broadwood's deposition testimony in support of the motion. Broadwood testified that he missed only one week of work following the accident.
The plaintiffs opposed the defendants' motion and cross-moved for summary judgment on the issue of liability. In opposition to the defendants' motion, the plaintiffs submitted the affidavit of Broadwood's chiropractor, who stated that "Broadwood did have significantly limited range of motion in his cervical spine as compared to normal, as well as his thoracic spine." The chiropractor did not report any of his range-of-motion measurements and did not state what would [*2]be considered normal range of motion.
In an order dated July 21, 2017, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiffs' cross motion for summary judgment on the issue of liability. The plaintiffs appeal.
The defendants met their prima facie burden of showing that Broadwood did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and thoracic regions of Broadwood's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). The defendants also submitted evidence demonstrating that Broadwood did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Anderson v Foley, 162 AD3d 965).
The plaintiffs failed to raise a triable issue of fact in opposition (see Fudol v Sullivan, 38 AD3d 593, 594; see generally Perl v Meher, 18 NY3d 208, 215-218). Therefore, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
The plaintiffs' remaining contention, regarding their cross motion for summary judgment on the issue of liability, has been rendered academic in light of our determination.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court