■ AUDREY GALATI et al., Appellants, v JAMES S. BRICE et al., Respondents. [736 NYS2d 626] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Mason, J.), dated December 5, 2000, which granted the defendants' motion for summary judgment dismissing the complaint on the ground

that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and denied as academic their cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, to determine the plaintiffs' cross motion on the merits.

In support of their motion for summary judgment, the defendants made a prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955; *Grossman v Wright,* 268 AD2d 79, 83-84). In opposition to the motion, the plaintiffs submitted, inter alia, an affirmation of the physician who treated them for several months following the accident. The physician concluded that each plaintiff suffered, inter alia, a limitation of motion of the lumbar spine of at least 50% and severe musculo-skeletal injuries as a result of the subject accident. The physician's opinion was based on his prior treatment, objective tests such as MRIs of each plaintiff's spine which showed herniated or bulging discs, and his observation of range of motion tests performed on the plaintiffs during a recent examination. This evidence was sufficient to raise a triable issue of fact as to whether either of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see, Lopez v Senatore,* 65 NY2d 1017; *Rosado v Martinez,* 289 AD2d 386; *see also, Grossman v Wright, supra*).

The Supreme Court, having granted the defendants' motion, denied as academic the plaintiffs' cross motion for summary judgment on the issue of the defendants' liability for the happening of the accident. The matter is therefore remitted to the Supreme Court, Kings County, to determine the plaintiffs' cross motion on the merits (*see, Reynolds v Sead Dev. Group,* 257 AD2d 940; *Donovan v S & L Concrete Constr. Corp.,* 234 AD2d 336). S. Miller, J.P., O'Brien, McGinity, Schmidt and Townes, JJ., concur.