■ DARLENE McCluskey et al., Respondents, v MANUEL AGUILAR et al., Appellants, et al., Defendants. [781 NYS2d 130]—

In an action to recover damages for personal injuries, etc., the defendants Manuel Aguilar and Jose Herreros appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated January 23, 2002, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and (2) a judgment of the

same court dated March 7, 2003, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $160,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The only issue raised on appeal by the defendants Manuel Aguilar and Joel Herreros (hereinafter the appellants) relates to the denial of their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). In support of their motion, they submitted reports prepared by the plaintiffs' treating chiropractor indicating that both plaintiffs exhibited restricted range of motion in their cervical and lumbar spines and that the injuries which the plaintiffs sustained were the result of the subject motor vehicle accident. Accordingly, the appellants failed to make a prima facie case for judgment as a matter of law (*see Chaplin v Taylor,* 273 AD2d 188 [2000]). Under these circumstances, we need not consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*see Chaplin v Taylor, supra*). Altman, J.P., Smith, Luciano, Adams and Cozier, JJ., concur.