■ AIDA FACCI et al., Appellant, v IRA D. KAMINSKY et al., Respondents. [795 NYS2d 457]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated July 19, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Aida Facci did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied as academic their cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the plaintiffs' cross motion on the merits.

The defendants failed to establish a prima facie case that the plaintiff Aida Facci did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The failure of the defendants' examining physician to "set forth the objective test or tests performed supporting [her] claims that there was no limitation of range of motion warrants denial of summary judgment on the ground that the defendant

failed to establish [his or] her entitlement to judgment as a matter of law" (*Black v Robinson*, 305 AD2d 438, 439 [2003] [internal quotation marks omitted]; *see Zavala v DeSantis*, 1 AD3d 354 [2003]; *Gamberg v Romeo*, 289 AD2d 525 [2001]; *Junco v Ranzi*, 288 AD2d 440 [2001]). Since the defendants failed to meet their initial burden of establishing a prima facie case, it is unnecessary "to consider whether the . . . papers in opposition to the . . . motion were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]).

In view of our determination, we remit the matter to the Supreme Court, Nassau County, for a determination of the plaintiffs' cross motion on the merits (*see Galati v Brice*, 290 AD2d 530 [2002]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.