■ CHRISTINA KOUVARAS, Appellant, v HERTZ CORPORATION et al., Respondents. (And a Third-Party Action.) [813 NYS2d 144]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated December 15, 2004, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied her cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' separate motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and substituting therefor a provision denying those motions; as so modified, the order is affirmed, without costs or disbursements, and the complaint is reinstated.

The defendants failed to establish their prima facie entitlement to summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affirmed medical reports of the defendants' examining physicians indicated that magnetic resonance imaging of the plaintiff's lumbar spine revealed disc bulges. Notably, the report of the defendants' orthopedist specified the degrees of range of motion in the plaintiff's lumbar spine without comparing those findings to the normal range of motion. Thus, the defendants' proof failed to objectively demonstrate that the plaintiff did not sustain a permanent consequential or significant limitation of the use of her lumbar spine as a result of the subject accident (*see Baudillo v Pam Car & Truck Rental, Inc.,* 23 AD3d 420 [2005]; *Aronov v Leybovich,* 3 AD3d 511 [2004]). Therefore, we need not consider the sufficiency of the plaintiff's opposition papers (*see Facci v Kaminsky,* 18 AD3d 806 [2005]; *Rich-Wing v Baboolal,* 18 AD3d 726 [2005]; *Hanna v Alverado,* 16 AD3d 624 [2005]).

The plaintiff's cross motion for summary judgment on the issue of liability was correctly denied. While the plaintiff established her prima facie entitlement to judgment as a matter of law, the defendants raised a triable issue of fact, through the

plaintiff's own deposition testimony, as to whether she used reasonable care to avoid the subject accident (*see Shea v Judson,* 283 NY 393 [1940]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.