■ ANTHONY CAMPBELL, Appellant, v MOHAMMAD R. VAKILI, Also Known as REZA VAKILI MOHAMMAD, et al., Respondents. [818 NYS2d 134]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), dated January 3, 2005, which granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied, in effect, as academic, his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, to determine the plaintiff's motion on the merits.

Contrary to the Supreme Court's holding, the defendants failed to show on their cross motion that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident. In support of their cross motion, the defendants submitted reports prepared by, among others, the plaintiff's treating neurologist indicating that the plaintiff exhibited restricted range of motion in his cervical and lumbar spine, as well as his right shoulder, and that the injuries which the plaintiff sustained were the result of the subject motor vehicle accident (see McCluskey v Aguilar, 10 AD3d 388 [2004]). Accordingly, the defendants failed to make a prima facie case for judgment as a matter of law. Under these circumstances, we need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Facci v Kaminsky, 18 AD3d 806, 807 [2005]; Rich-Wing v Baboolal, 18 AD3d 726, 727 [2005]; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]; McCluskey v Aguilar, supra).

The Supreme Court, having granted the defendants' cross motion, denied, in effect, as academic, the plaintiff's motion for summary judgment on the issue of the defendants' liability for

the happening of the accident. The matter is therefore remitted to the Supreme Court, Westchester County, to determine the plaintiff's motion on the merits (*see Korpalski v Lau,* 17 AD3d 536, 538 [2005]; *Galati v Brice,* 290 AD2d 530, 531 [2002]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.