■ MUSA DZAFEROVIC et al., Appellants, v JOSE A. POLONIA et al., Respondents. [829 NYS2d 148]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal from an order of the Supreme Court, Queens County (Agate, J.), dated October 27, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Musa Dzaferovic did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendants failed to make a prima facie showing that the plaintiff Musa Dzaferovic (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In the affirmed medical report of the defendants' examining neurologist there was noted a limitation in the range of motion of the injured plaintiff's left shoulder that was not sufficiently quantified or qualified to establish the absence of a significant limitation of motion (*see Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Kaminsky v Waldner*, 19 AD3d 370, 371 [2005]). Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiffs' papers submitted in opposition were sufficient to raise a triable issue of fact (*see Whittaker v Webster Trucking Corp.*, *supra; Kaminsky v Waldner*, *supra; Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Crane, J.P., Mastro, Santucci and Lifson, JJ., concur.