■ CORAZON RAMSEY et al., Plaintiffs, v ALAN KASZUBA, Defendant. (Action No. 1.) DANA LENNANE, Respondent, v ALAN KASZUBA, Appellant, et al., Defendant. (Action No. 2.) [829 NYS2d 143]—

In two related actions to recover damages for personal injuries, Alan Kaszuba appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated September 27, 2005, as, upon reargument, denied his motion for summary judgment dismissing the complaint in action No. 2 insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

While we affirm the order insofar as appealed from, we do so on grounds other than those relied upon by the Supreme Court. Contrary to the Supreme Court's holding, the appellant failed to show on his motion for summary judgment dismissing the complaint in action No. 2 that the plaintiff in that action (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In support of his motion, the appellant submitted reports prepared by, among others, the plaintiff's treating physicians indicating that the plaintiff exhibited restricted ranges of motion in her cervical spine, and that the injuries which the plaintiff sustained were the result of the subject motor vehicle accident (*see Brown v Motor Veh. Acc. Indem. Corp.,* 33 AD3d 832 [2006]; *Campbell v Vakili,* 30 AD3d 457 [2006]; *McCluskey v Aguilar,* 10 AD3d 388 [2004]). Under these circumstances, we need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Brown v Motor Veh. Acc. Indem. Corp., supra; Campbell v Vakili, supra; McCluskey v Aguilar, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.