■ DMITRY KOVALENKO, Appellant, v GENERAL ELECTRIC CAPITAL AUTO LEASE, INC., et al., Respondents. [831 NYS2d 438]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Jones, J.), dated August 18, 2005, which granted the separate motions of the defendant General Electric Capital Auto Lease, Inc., and the defendant Igor Shafran for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and dismissed the complaint.

Ordered that the order and judgment is reversed, on the law, with one bill of costs, the motions for summary judgment dismissing the complaint are denied, and the complaint is reinstated.

The defendants failed to make prima facie showings that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In their attempts to make prima facie showings, the defendants relied on the same submissions. The affirmed medical report of an orthopedist who examined the plaintiff on February 28, 2005 set forth the orthopedist's findings with respect to the plaintiff's cervical and lumbar spine ranges of motion, yet the orthopedist failed to compare those findings to the normal ranges of motion (*see Iles v Jonat*, 35 AD3d 537 [2006]; *Mirochnik v Ostrovskiy*, 35 AD3d 413 [2006]; *Kavanagh v Singh*, 34 AD3d 744 [2006]; *Caracci v Miller*, 34 AD3d 515 [2006]; *Agathe v Tun Chen Wang*, 33 AD3d 737, 738 [2006]). Moreover, in this same report the orthopedist also noted the existence of a limitation in the range of motion of the plaintiff's lumbar spine without sufficient quantification or qualification to establish the absence of a significant limitation of motion (*see McCrary v Street*, 34 AD3d 768 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Connors v Flaherty*, 32 AD3d 891, 893 [2006]; *Kaminsky v Waldner*, 19 AD3d 370, 371 [2005]).

Furthermore, in support of their respective motions, the defendants submitted reports prepared by, among others, the plaintiff's treating osteopath, indicating that the plaintiff

exhibited restricted ranges of motion in his cervical and lumbar spine and that the injuries which the plaintiff sustained were the result of the subject motor vehicle accident (*see Campbell v Vakili,* 30 AD3d 457 [2006]; *McCluskey v Aguilar,* 10 AD3d 388, 389 [2004]).

Since the defendants failed to meet their prima facie burdens, we need not consider the sufficiency of the papers submitted in opposition to the motions (*see McCrary v Street, supra; Kavanagh v Singh, supra; Campbell v Vakili, supra; Facci v Kaminsky* 18 AD3d 806, 807 [2005]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]).

Accordingly, the defendants' motions should have been denied. Crane, J.P., Santucci, Dillon and Balkin, JJ., concur.