■ PAMELA BUCHANAN, Appellant, v JULIAN CELIS, Respondent. [832 NYS2d 637]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered February 1, 2006, which granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied, as academic, her motion for summary judgment on the issue of liability, and (2), as limited by her brief, from so much of an order of the same court dated May 31, 2006 as denied that branch of her motion which was for leave to renew her opposition to the defendant's cross motion.

Ordered that the order entered February 1, 2006 is reversed, on the law, with costs, that branch of the defendant's cross motion which was for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the plaintiff's motion for summary judgment on the issue of liability on the merits; and it is further,

Ordered that the appeal from the order dated May 31, 2006 is dismissed as academic in light of our determination on the appeal from the order entered February 1, 2006.

With respect to the order entered February 1, 2006, the defendant failed, on his cross motion, to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant

relied on the affirmed medical report of his examining orthopedist, which noted limitations in the plaintiff's lumbar spine range of motion, specifically during sitting and supine straight leg raising testing, that were not adequately quantified or qualified so as to establish the absence of a significant limitation of motion (*see Dzaferovic v Polonia*, 36 AD3d 652 [2007]; *McCrary v Street*, 34 AD3d 768, 769 [2006]; *Iles v Jonat*, 35 AD3d 537, 538 [2006]; *Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]). Since the defendant failed to satisfy his prima facie burden on his cross motion, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition to the defendant's cross motion raised a triable issue of fact (*see Dzaferovic v Polonia, supra*; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). In light of this determination, the plaintiff's appeal from the order dated May 31, 2006 has been rendered academic.

The Supreme Court, having granted the defendant's cross motion, denied, as academic, the plaintiff's motion for summary judgment on the issue of the defendant's liability for the happening of the subject accident. Therefore, we remit the matter to the Supreme Court, Nassau County, to determine the plaintiff's motion on the merits (*see Torres v Performance Auto. Group, Inc.*, 36 AD3d 894 [2007]; *Campbell v Vakili*, 30 AD3d 457 [2006]; *Korpalski v Lau*, 17 AD3d 536, 538 [2005]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.