■ DIERDRE BURNS SOMERS et al., Appellants, v FRANCES MACPHERSON, Respondent. [836 NYS2d 620]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered January 12, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Dierdre Burns Somers did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendant failed to meet her prima facie burden of

establishing that the plaintiff Dierdre Burns Somers (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In his affirmed medical report, the defendant's examining orthopedic surgeon failed to compare his finding for forward flexion in the injured plaintiff's lumbar spine to what is considered the normal range of motion (*see Harman v Busch*, 37 AD3d 537 [2007]; *Iles v Jonat*, 35 AD3d 537, 538 [2006]; *Mirochnik v Ostrovskiy*, 35 AD3d 413 [2006]; *Kavanagh v Singh*, 34 AD3d 744, 745 [2006]). Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiffs' papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.