■ ARLENE HYPOLITE et al., Appellants, v INTERNATIONAL LO-GISTICS MANAGEMENT, INC., et al., Respondents. [842 NYS2d 453]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated March 3, 2006, which granted the separate motions of the defendants International Logistics Management, Inc., and Andres Gilbert, and the defendant Annika D. Campbell Hugley for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the separate motions of the defendants International Logistics Management, Inc., and Andres Gilbert, and the defendant Annika D. Campbell Hugley are denied.

On their separate motions for summary judgment, the defendants failed to establish, prima facie, that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). While the defendants' motions relied in large part on separate medical evidence, they both relied on the affirmed medical report of Dr. Kuldip Sachdev, a neurologist who examined each of the plaintiffs on April 28, 2004. In his affirmed medical report Dr. Sachdev set forth his findings based on range of motion testing of the plaintiffs' respective cervical and lumbar spines. However, Dr. Sachdev failed to compare those findings to the normal ranges of motion (*see Somers v Macpherson*, 40 AD3d 742 [2007]; *McNulty v Buglino*, 40 AD3d 591 [2007]; *Harman v Busch*, 37 AD3d 537 [2007]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiffs' papers submitted in opposition to the motions were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.