■ METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, as Subrogee of BRIAN WALLACH, Appellant, v VILLAGE OF CROTON-ON-HUDSON, Respondent. [844 NYS2d 53]—In a subrogation action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered October 26, 2006, which granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) on the ground that the allegations in the complaint did not conform to the allegations in the notice of claim and, in effect, denied as academic that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) on the ground that the allegations in the complaint did not conform to the allegations in the notice of claim is denied, and the matter is remitted to the Supreme Court, Westchester County, for a determination of that branch of the defendant's motion which was for summary judgment dismissing the complaint.

On a prior appeal, this Court rejected the defendant's challenges to the plaintiff's notice of claim (*see Metropolitan Prop. & Cas. Ins. Co. v Village of Croton-on-Hudson,* 32 AD3d 380 [2006]), and reversed an order of the Supreme Court which granted the defendant's motion to dismiss the complaint on the ground that the plaintiff failed to serve a valid notice of claim. The prior motion to dismiss was made in 2005, after the complaint was served and issue was joined. On the instant appeal, the defendant's argument addressed to the alleged discrepancy between the notice of claim and the complaint must be rejected on the ground that the defendant is improperly attempting to reargue a motion which was previously decided against it by this Court (*see Stone v Bridgehampton Race Circuit,* 244 AD2d 403 [1997]; *Olsen v We'll Manage,* 238 AD2d 556 [1997]). Since that branch of the defendant's motion which was for summary judgment dismissing the complaint was not considered by the Supreme Court, we remit the matter to the Supreme Court, Westchester County, for a determination of that branch of the motion (*see Braun v Melia,* 39 AD3d 680 [2007]; *Buchanan v Celis,* 38 AD3d 819 [2007]; *Cardo v Board of Mgrs., Jefferson Vil. Condo 3,* 29 AD3d 930 [2006]). Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.