■ LISA DOHERTY et al., Appellants, v BRIAN J. GALLA et al., Respondents. [848 NYS2d 269]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 24, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Lisa Doherty did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendants failed to establish their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff Lisa Doherty did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The report of the defendants' examining neurologist noted the existence of a limitation in the range of motion of the injured plaintiff's lumbar spine that was not adequately quantified or qualified so as to establish that it was insignificant (see Dzaferovic v Polonia, 36 AD3d 652, 653 [2007]; Iles v Jonat, 35 AD3d 537, 538 [2006]; Whittaker v Webster Trucking Corp., 33 AD3d 613 [2006]). The affirmed medical report of the defendants' examining orthopedic surgeon set forth range of motion findings with respect to the injured plaintiff's lumbar spine, but failed to compare those findings to what is deemed normal (see Hypolite v International Logistics Mgt., Inc., 43 AD3d 461 [2007]; McNulty v Buglino, 40 AD3d 591, 592 [2007]; Osgood v Martes, 39 AD3d 516 [2007]; McLaughlin v Rizzo, 38 AD3d 856, 857 [2007]; Bluth v World-Omni Fin. Corp., 38 AD3d 817, 818 [2007]). Since the defendants failed to satisfy their burden on this motion, it is unnecessary to consider whether the plaintiffs' submissions raised a triable issue of fact (see Dzaferovic v Polonia, 36 AD3d at 653; Hypolite v International Logistics Mgt., Inc., 43 AD3d 461 [2007]; McNulty v Buglino, 40 AD3d at 592; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Schmidt, J.P., Spolzino, Skelos and McCarthy, JJ., concur.