MARIA CRUZ et al., Appellants, et al., Plaintiff, v IRWIN ROSENBAUM et al., Respondents, et al., Defendant. [855 NYS2d 567]—

On the evening of March 22, 2003 the plaintiff Vyacheslav Sadykov was riding in a motor vehicle operated by the plaintiff Maria Cruz on the Belt Parkway in Queens when it was struck from behind by a motor vehicle operated by the defendant Irwin Rosenbaum. Those plaintiffs (hereinafter the appellants) alleged that, as a result of the collision, they each sustained serious injuries within the meaning of Insurance Law § 5102 (d). Rosenbaum moved for summary judgment dismissing the complaint insofar as asserted by the appellants against him on the ground that the appellants' injuries were not serious within the statutory definition. Thereafter, the defendant Anthony R.

Falwell and the defendant Kevin Phung VI separately moved for the same relief, in reliance, inter alia, on the facts and arguments set forth by Rosenbaum in his motion papers.

The movants failed to meet their prima facie burden of establishing that neither of the appellants sustained serious injury within the meaning of Insurance Law § 5102 (d) (*see Somers v Macpherson*, 40 AD3d 742, 743 [2007]). In their affirmed reports, Rosenbaum's examining orthopedic surgeon and neurologist failed to compare their findings with regard to Cruz's range of motion in various operations of the cervical and lumbosacral regions of the spine and in the right and left shoulders to what is considered the normal range of motion for those operations (*see Somers v Macpherson* at 743). In addition, in his review of the magnetic resonance imaging (hereinafter MRI) study performed on Cruz's cervical region of the spine, approximately 10 days after the occurrence, board certified radiologist Robert Scott Schepp found central posterior bulging discs at C4-C5 and C5-C6, which were deforming the thecal sac diffusely.

In support of his motion insofar as it related to Sadykov, Rosenbaum submitted, inter alia, a report prepared by Sadykov's medical expert Dr. Leon Bernstein in which he indicated that, when he last performed range of motion testing on Sadykov's right knee, on June 28, 2006, the knee ranged from 0° to 110°, whereas the norm is 0° to 145°. In addition, the report prepared by Dr. Schepp with regard to an MRI study of Sadykov's right knee performed five days after the accident found a partial meniscal tear.

Since the movants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the appellants' papers in opposition were sufficient to raise a triable issue of fact (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]; *Somers v Macpherson* at 743). Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.