■ DEBORAH COLACINO et al., Appellants, v WENDY P. ANDREWS et al., Respondents. [854 NYS2d 771]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated March 14, 2007, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Deborah Colacino did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff Deborah Colacino (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied on the reports of the injured plaintiff's treating physicians, which noted the existence of limitations in the range of motion in her lumbar and cervical spine. These reports, however, did not sufficiently quantify or qualify the limitations in range of motion so as to establish that they were insignificant (*see Doherty v Galla*, 46 AD3d 610 [2007];

*Dzaferovic v Polonia,* 36 AD3d 652 [2007]; *Whittaker v Webster Trucking Corp.,* 33 AD3d 613 [2006]). Moreover, the defendants failed to adequately address the injured plaintiff's claim, set forth in her bill of particulars, that, as a result of the accident, she was unable to perform substantially all of the material acts which constituted her usual and customary daily activities for a period of 90 days during the 180 days immediately following the accident (*see Greenidge v Righton Limo, Inc.,* 43 AD3d 1109 [2007]; *Kouros v Mendez,* 41 AD3d 786 [2007]; *DeVille v Barry,* 41 AD3d 763 [2007]; *Torres v Performance Auto. Group, Inc.,* 36 AD3d 894 [2007]). The accident occurred on March 7, 2004. The injured plaintiff alleged in her bill of particulars that she was incapacitated from her employment for a period of 219 days as a result of the accident, and the defendants' examining neurologist noted in his report that she missed six months of work. The defendants' examining neurologist did not examine the injured plaintiff until September 12, 2006, 2½ years after the accident, and did not relate his medical findings to this category of serious injury for the period of time immediately following the accident.

Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the opposition papers were sufficient to raise a triable issue of fact (*see Doherty v Galla,* 46 AD3d 610 [2007]; *Greenidge v Righton Limo, Inc.,* 43 AD3d 1109 [2007]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.