In related actions to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order the Supreme Court, Orange County (McGuirk, J.), dated September 8, 2006, as granted the cross motion of the defendants Michael J. Maguire and Michael Maguire in action No. 2 for summary judgment dismissing the complaint on the ground that the plaintiff Richard Letts did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, that branch of their motion which was for summary judgment on the issue of liability against those defendants in that Action, and (2) so much of a judgment of the same court entered January 18, 2007, as, upon the order, dismissed the complaint in action No. 2.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is reversed insofar as appealed from, on the law, so much of the order as granted the cross motion of the defendants Michael J. Maguire and Michael Maguire in action No. 2 for summary judgment dismissing the complaint on the ground that the plaintiff Richard Letts did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied, as academic, that branch of the motion of the plaintiffs in action No. 2 which was for summary judgment on the issue of liability against those defendants in that action is vacated, the cross motion is denied, and the complaint in action No. 2 is reinstated; and it is further,
Ordered that the matter is remitted to the Supreme Court, Orange County, for a determination on the merits of that branch *620 of the plaintiffs’ motion which was for summary judgment on the issue of liability against the defendants Michael J. Maguire and Michael Maguire in action No. 2; and it is further,
Ordered that one bill of costs is awarded to the appellants.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
Contrary to the Supreme Court’s determination, the defendants Michael J. Maguire and Michael Maguire (hereinafter the Maguires) in action No. 2 failed to meet their prima facie burden of showing, on their cross motion, that the plaintiff Richard Letts (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of a car accident that occurred on July 19, 2003. In support of their cross motion, the Maguires relied on the affirmed medical report of Dr. Michael Weintraub, a neurologist. Dr. Weintraub, in his report, noted limitations in the injured plaintiffs range of motion of the cervical spine, the extent of which were not set forth therein. While Dr. Weintraub concluded that these limitations were “voluntary” he also alluded to the fact that the limitations may be associated with spasms observed in the injured plaintiff’s neck upon examination. As Dr. Weintraub was unable to establish that the limitations noted in the cervical spine were not the result of the subject accident, and were not insignificant, the Maguires failed to meet their prima facie burden (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; see also Kaminsky v Waldner, 19 AD3d 370 [2005]).
Since the Maguires failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the injured plaintiff were sufficient to raise a triable issue of fact (see Kaminsky v Waldner, 19 AD3d 370 [2005]; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]).
The Supreme Court, having granted the Maguires’ cross motion, denied, as academic, that branch of the plaintiffs’ motion which was for summary judgment on the issue of the Maguires’ liability for the happening of the accident on July 19, 2003. Accordingly, we remit the matter to the Supreme Court, Orange County, to determine that branch of the plaintiffs’ motion on the merits (see Phillips v Stephan Hacking Corp., 38 AD3d 868 [2007]; Buchanan v Celis, 38 AD3d 819, 820 [2007]; Torres v Performance Auto. Group, Inc., 36 AD3d 894 [2007]; Campbell v *621 Vakili, 30 AD3d 457 [2006]; Korpalski v Lau, 17 AD3d 536, 538 [2005]). Spolzino, J.P>, Santucci, Miller, Dickerson and Eng, JJ., concur.