■ VANESSA DUNLAP, Appellant, v AMERICAN MEDICAL RESPONSE OF NEW YORK, INC., et al., Respondents. [956 NYS2d 905]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated October 26, 2011, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers failed to adequately address the plaintiff's claims, clearly set forth in the bill of particulars, that she sustained serious injuries to her jaw and right eye (see Fudol v Sullivan, 38 AD3d 593, 594 [2007]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by

the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.